O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JESSIE G. AGUIRRE, | ) | NO. EDCV 12-01378-MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

Plaintiff filed a Complaint on August 23, 2012, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On September 26, 2012, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on May 30, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for payment of benefits or, alternatively, for further administrative

---

[1]   Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff, who was born on January 26, 1951, filed applications for DIB and SSI on June 25, 2009.[2]  (Administrative Record ("A.R.") 114-20.) Plaintiff alleges an onset date of July 13, 2005, and claims she cannot work because of a lower back injury and diabetes.    (A.R.  146.) Plaintiff worked from 1973, through July 2005, as a shipping and receiving clerk.  (A.R. 147.)  From August 2005, through January 23, 2006, she worked as a motel desk clerk.  (A.R. 41, 130.)

After the Commissioner denied plaintiff's claims initially and upon reconsideration (A.R. 55-60, 61-65), plaintiff requested a hearing (A.R. 66-67).  On April 5, 2011, plaintiff, who was not represented by counsel or otherwise,[3] appeared and testified at a brief hearing before Administrative Law Judge Mason D. Harrell (the "ALJ").  (A.R. 39-49.) Vocational expert Corinne Porter also testified.  (*Id.*)  On April 22, 2011, the ALJ denied plaintiff's claims, and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision.  (A.R. 26-33, 1-3.)  That decision is now at issue in this action.

---

[2]    Plaintiff previously applied for DIB, but her application was denied on August 30, 1991.  (A.R. 142.)

[3]    At the outset of the hearing, plaintiff stated that she had attempted to obtain an attorney, without success.  (A.R. 39-40.)

### SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2008, and that she has not engaged in substantial gainful activity ("SGA") since the alleged onset date of July 13, 2005.  (A.R. 28.)  With respect to his step one finding, the ALJ explained as follows:

> [Plaintiff] worked after the alleged disability onset date, but this work activity did not rise to the level of substantial gainful activity.  The record shows [plaintiff] earned $896.00 in 2006 [*citing* A.R. 123-24]; however, when averaged over a 12-month period, her earnings do not equate to substantial gainful activity, which was $860.00 in 2006.

(A.R. 28.)

At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease of the spine and degenerative joint disease of the knees.  (A.R. 28.)  The ALJ noted that he had considered the potential impact of plaintiff's obesity on her severe impairments, notwithstanding that plaintiff did not allege that her weight limited her in any way.  (A.R. 29.)  The ALJ also noted that plaintiff takes medication for high cholesterol and Type 2 Diabetes, but the ALJ found no evidence of secondary diseases other than diabetes.  (*Id.*)  The ALJ concluded that there is no objective evidence indicating that plaintiff's diabetes would preclude the performance of SGA within plaintiff's assessed residual functional capacity.  (*Id.*)  At step

3

three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*)

Before proceeding to step four, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "a narrowed range of" light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), "except she can occasionally bend, stoop, and twist." (A.R. 29, 31-32.)  The ALJ found that plaintiff: "can sit for 6 hours out of an 8-hour period with normal breaks, and she can stand and/or walk for 6 hours out of an 8-hour period. [Plaintiff] can lift and/or carry 10 pounds frequently and 20 pounds occasionally." (*Id.*)

The ALJ also rendered a negative credibility finding with respect to plaintiff's allegations regarding her symptoms and limitations, *to wit*, that plaintiff's "statements concerning the intensity, persistence and limiting effect of [her alleged] symptoms are not credible to the extent they are inconsistent with the [ALJ's] residual functional capacity assessment." (A.R. 30.)  The ALJ reasoned as follows:

> [Plaintiff] has described daily activities that are fairly limited.  She does not drive a car, clean, do yard work or go grocery shopping [*citing* A.R. 153].  Furthermore, she alleged needing assistance to get out of bed, shower, stand, sit and walk [*citing* A.R. 174, 183].  Such a degree of limitations is inconsistent with the reports in the record.  For example,

4

during an initial interview, a Social Security employee observed [plaintiff] had no difficulties sitting, standing or walking [*citing* A.R. 143]. Additionally, on her application for Supplemental Social Security Income, [plaintiff] reported needing no assistance in personal care, hygiene or upkeep of her home [*citing* A.R. 115]. [Plaintiff] has alleged having high blood pressure and headaches, but there is no objective evidence in the medical record to support these allegations. [Plaintiff] has not reported taking any medications for these conditions. Furthermore, the only blood pressure reading in the record is 100/70, which is within the normal range. [Plaintiff] has complained of shoulder pain [*citing* A.R. 172]. Nonetheless, during an internal medicine consultative examination, [plaintiff] had a normal range of motion of her shoulders [*citing* A.R. 202].

(A.R. 30.)

In addition, the ALJ found that plaintiff's credibility was diminished with respect to the alleged severity of the symptoms she experienced based on her degenerative disc and joint diseases, because although there was objective medical evidence of lumbosacral tenderness and decreased motion, radiculopathy, and hyperalgesia, plaintiff had a normal range of motion in her cervical spine and knees, no muscle spasms or tenderness on palpation, and normal gait and balance, and there was no evidence of generalized neuropathy. (A.R. 31.) The ALJ also noted that plaintiff reported incidents of falling and having to use a cane, but the record contained no evidence that a cane was medically

prescribed.  (*Id.*)

At step four, the ALJ determined that plaintiff is capable of "performing past relevant work as a desk clerk, resort," because the activities of that job -- as it was performed by plaintiff and as generally performed in the national economy -- are not precluded by her RFC.  (A.R. 32)  The ALJ determined that plaintiff's work as a motel desk clerk for approximately six months was "past relevant work" within the meaning of the Social Security regulations, because plaintiff "performed it within 15 months of the date of this decision, for a sufficient length of time to learn, provide average performance and at the level of substantial gainful activity."  (*Id.*)  Based on his step four finding, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from July 13, 2005, through the date of the ALJ's decision.  (A.R. 32-33.)[4]

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant

---

[4]      Based on his step four finding, the ALJ did not proceed to step five of the sequential evaluation process.  Thus, he did not adduce any evidence demonstrating, or make any finding regarding, whether other work exists in significant numbers in the national economy that plaintiff can do given her RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1560(c), 416.912(f), and 416.960(c). The ALJ also did not adduce any evidence and/or make any findings regarding what skills plaintiff acquired in her previous jobs and whether any such skills were transferable or not.  (*See* A.R. 39-49.)

evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v.

Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400
F.3d at 679.

**DISCUSSION**

Plaintiff claims that the ALJ committed legal error in two
respects.  First, plaintiff contends that the ALJ's step four finding
-- *i.e.,* that plaintiff's approximately six months of work as a motel
desk clerk is "past relevant work" she is capable of performing, thus
precluding a finding of disability -- is erroneous, because her earnings
were too low to constitute SGA, as the ALJ earlier found at step one.
(Joint Stipulation ("Joint Stip.") at 4-9, 12-15.)  Second, plaintiff
contends that the ALJ improperly discounted plaintiff's credibility.
(*Id.* at 15-23, 27.)

**I.   The ALJ Erred At Step Four.**

At step one, an ALJ considers whether the claimant is engaged in
"substantial gainful activity."  *See* 20 C.F.R. §§ 404.1520(a)(4)(i),
416.920(a)(4)(i) ("At the first step, we consider your work activity, if
any.  If you are doing substantial gainful activity, we will find that
you are not disabled"); *see also* Corrao v. Shalala, 20 F.3d 943, 946
(9th Cir. 1994) (at step one, the Commissioner "must determine whether
the claimant is currently performing 'substantial gainful activity'; if
so, the claimant will be found not disabled 'regardless of [his] medical
condition or [his] age, education, and work experience'").  At step
four, an ALJ considers whether a claimant, in light of the assessed RFC,
can perform her "past relevant work."  *See* 20 C.F.R. §§

8

404.1520(a)(4)(iv), 416.920(a)(4)(iv).   For prior work activity to
qualify as "past relevant work" for purposes of the step four analysis,
the Commissioner must find that the prior work activity "was substantial
gainful activity."   20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1); *see also*
Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) ("A job qualifies as
past relevant work only if it involved substantial gainful activity.").

Plaintiff ceased working her longtime job as a warehouse shipping
and receiving clerk in July 2005, following an injury.   (A.R. 45, 155.)
Thereafter, from August 2005, through January 23, 2006, she worked as a
desk clerk at a motel in Arizona.   (A.R. 41, 130.)   She worked six hours
a day, seven days a week, although she would be sent home if it was
slow.   (A.R. 45.)   Plaintiff stopped performing the motel desk clerk
job, because she lives with her daughter and her daughter was
transferred to California.   (A.R. 41-42.)   She applied for another desk
job, but was told she lacked experience.   (A.R. 42.)

Plaintiff argues that the motel desk clerk job does not qualify as
"past relevant work," because the low level of her earnings precludes
finding this job to constitute "substantial gainful activity."   (Joint
Stip. at 5-8.)   As plaintiff correctly notes, the ALJ, at step one,
expressly determined that plaintiff's earnings as a motel desk clerk
were insufficient to "rise to the level of substantial gainful
activity."   (*Id.* at 6-7; *see also* A.R. 28, the ALJ's finding that
plaintiff "has not engaged in substantial gainful activity since July
13, 2005," her alleged onset date.)

Plaintiff made $650 a month from August through December 2005, and

9

she made $896 in January 2006.   (A.R. 124, 131.)   According to the Social Security Administration ("SSA") website, the baseline earnings amount (sighted individuals) for SGA was $830 per month in 2005 and $860 per month in 2006.   (*See* Joint Stip., Ex. 1; http://www.ssa.gov/OACT/COLA/sga.html.)   Plaintiff's $650 monthly income as a motel desk clerk during the last five months of 2005 fell below the requisite baseline amount for SGA.   Even though plaintiff earned $896 in January 2006, as the ALJ recognized (A.R. 28), this amount, when averaged over a 12-month period, falls well below the $860 SGA baseline amount.

Based on these earnings levels, the ALJ correctly found, at step one, that plaintiff's income as a motel desk clerk for six months after her alleged disability onset date was too low to satisfy the SSA's requirements for SGA.   (A.R. 28.)[5]   Nonetheless, the ALJ found, at step four, that this same motel desk clerk job constituted "past relevant work" on the ground that plaintiff's RFC did not preclude performing this job and plaintiff "performed [the desk clerk job] within 15 years of the date of this decision, for a sufficient length of time to learn, provide average performance and at the level of substantial gainful activity."   (A.R. 32.)

Ignoring the potentially inconsistent nature of the ALJ's step one and step four findings, the Commissioner argues that no error occurred, because the ALJ was entitled to find that plaintiff's motel desk clerk

---

[5]   Prior to the ALJ's decision, SSA interviewer J. Gaul noted: "[Plaintiff] tried to continue working in a different field.   She was not able to earn over SGA and did not continue for more than 6 months. I recommend using the alleged onset date."   (A.R. 137.)

work constituted SGA and, thus, was past relevant work.  Relying on 20 C.F.R. §§ 404.1510, 404.1574(a)(1), 416.910, and 416.974(a)(1), the Commissioner argues that, regardless of a claimant's earnings level, prior work will constitute SGA as long as it involves doing significant and productive physical or mental duties and is done for pay or profit, and that plaintiff's duties as a motel desk clerk satisfy these requirements.  (Joint Stip. at 10-11.)

The Commissioner's argument fails, because it disregards the SSA's regulations as a whole, as well as the governing caselaw regarding the Commissioner's burden of proof at step four.  The regulations on which the Commissioner relies merely set forth general language regarding what type of activity will be deemed to constitute both substantial and gainful "work" activity, as opposed to other activities, such as school attendance or household tasks.  *See* 20 C.F.R. §§ 404.1572(c), 416.972(c).  While insubstantial earnings will not necessarily establish an inability to engage in SGA, the regulations make clear that the SSA's "primary consideration" in determining if work activity is SGA "will be the earnings" the claimant derived from such work activity.  20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).  Further:

> If your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we will generally consider that the earnings from your work as an employee . . . will show that you have not engaged in substantial gainful activity.  We will generally not consider other information in addition to your earnings except in the circumstances

11

1    described in paragraph (b)(3)(ii) of this section.

2

3    20 C.F.R. §§ 404.1574(b)(3)(i), 416.974(b)(3)(i).[6]

4

5    In short, when low earnings are shown, the SSA's regulations
6    establish a "presumption" that prior work was not SGA, and that
7    presumption "shifts the step-four burden of proof from the claimant to
8    the Commissioner." Lewis, 236 F.3d at 515; *see also* Le v. Astrue, 540
9    F. Supp. 2d 1144, 1149 (C.D. Cal. 2008) ("There is a rebuttable
10   presumption that the employee either was or was not engaged in SGA if
11   his or her average monthly earnings are above or below a certain amount
12   established by the Commissioner's Earnings Guidelines.") (*citing* 20
13   C.F.R. §§ 404.1574(b)(2)-(3) & 416.974(b)(2)-(3)). "With the
14   presumption, the claimant has carried his or her burden unless the ALJ
15   points to substantial evidence, aside from earnings, that the claimant
16   *has* engaged in substantial gainful activity." Lewis, 236 F.3d at 516.

17

18   In Lewis, the claimant periodically worked up to 20 hours a week at
19   McDonald's after his alleged disability onset date and for a year prior
20   to the hearing, but by the time of the hearing, his hours had been cut
21   back, and he worked there no more than ten hours a week. His earnings
22   always averaged an amount well less than the SGA baseline amounts. 236
23   F.3d at 507-08, 515 n.11. At step one, the ALJ found that this ten hour
24   a week job did not constitute SGA, apparently based on the low level of
25   the claimant's earnings. *Id*. at 507-08. At step four, the ALJ

26   _____

27   [6]    Subpart (b)(3)(ii) is implicated only if there is "evidence
     indicating that [the claimant] may be engaging in substantial gainful
28   activity or that [the claimant is] in a position to control when
     earnings are paid or the amount of wages paid."

concluded that the claimant's 20 hours per week work at McDonald's was SGA and constituted past relevant work he could still perform with his assessed RFC. *Id.* at 508, 515.  The Ninth Circuit found that the step four determination was improper given the "presumption" triggered by the claimant's low earnings.  The Ninth Circuit noted that, when such a presumption arises, the SSA regulations list five factors to be considered in assessing whether the prior work constitutes SGA, including "the nature of the claimant's work, how well the claimant does the work, if the work is done under special conditions, if the claimant is self-employed, and the amount of time the claimant spends at work." *Id.* at 515-16 (*citing* 20 C.F.R. §§ 404.1573, 416.973).  The Ninth Circuit found that the evidence cited by the ALJ to support his step four finding was not substantial and was inadequate to overcome the presumption raised by the claimant's low earnings.  *Id.* at 516.

Plaintiff's earnings as a motel desk clerk fell below the SSA's baseline amounts for SGA, as the ALJ recognized at step one.  Thus, a presumption arose that her motel desk clerk work was *not* SGA for purposes of the step four past relevant work question, which the Commissioner was required to rebut.  The Commissioner's argument is fatally flawed in two respects.  First, the Commissioner completely disregards the effect of plaintiff's low earnings level, contrary both to her own regulations and governing case law.  Second, the Commissioner's argument rests on what the ALJ could have done but did not do, *i.e.,* how the ALJ could have assessed the evidence of record and the findings he could have made to rebut the governing presumption that plaintiff's motel desk clerk job was not SGA.

1    The ALJ did not address the 20 C.F.R. §§ 404.1573 and 416.973
2    factors cited in <u>Lewis</u>.  The ALJ did not cite any evidence of record to
3    support his finding that plaintiff's job as a motel desk clerk
4    constituted substantial gainful activity and past relevant work.
5    Although the ALJ alluded vaguely to plaintiff's "documented vocational
6    background and the testimony of the vocational expert" (A.R. 32), he did
7    not identify particular testimony or documentary evidence that would
8    render the desk clerk job substantial gainful activity regardless of
9    plaintiff's below baseline amount earnings.[7]  Rather, the ALJ simply
10   conclusorily parroted the regulatory definition of "past relevant work"
11   set forth in 20 C.F.R. §§ 404.1560(b)(1) and 416.960(b)(1), *to wit*, work
12   that was done within the prior 15 years, lasted long enough for the
13   claimant to learn to do it, and was substantial gainful activity.  (A.R.
14   32, stating only that plaintiff's job as a motel desk clerk constitutes
15   past relevant work, because plaintiff "performed it within 15 years of
16   the date of this decision, for a sufficient length of time to learn,
17   provide average performance and at the level of substantial activity.")

---

19   [7]   The vocational expert asked plaintiff two questions about her motel
20   desk clerk job, *i.e.*, whether plaintiff simply booked motel guests over
     the phone or also checked them in when they arrived, and whether she sat
     while doing so.  Plaintiff clarified that she did not book reservations
21   and that she sat and occasionally stood.  (A.R. 46-47.)  That exchange
     did not adduce any information pertinent to resolving the SGA issue.
22   (A.R. 46-47.)  The ALJ posed a single hypothetical to the vocational
     expert and asked the expert if the hypothetical's subject could perform
23   the desk clerk job.  (A.R. 47-48.)  Again, however, this brief exchange
     did not adduce any evidence bearing on the SGA issue.

25        Respondent notes that the ALJ stated that plaintiff "answered
     telephones, gave room keys to customers and occasionally cleaned rooms"
26   and referenced the DOT classification for desk clerk, resort.  (A.R.
     32.)  Respondent, however, overlooks that these brief comments were made
27   in the context of the ALJ's explanation of why plaintiff's RFC did not
     preclude her from performing the prior motel desk clerk job; they
28   plainly did not reflect any findings by the ALJ that the prior work was
     substantial gainful activity within the meaning of 20 C.F.R. §§
     404.1572-414.1573 and 416.972-416.973.

1    The ALJ gave no indication that he recognized the presumption
2    triggered by his step one finding that plaintiff's motel desk clerk job
3    was not SGA, because her earning were too low.  He made no effort to
4    reconcile that finding with his facially inconsistent step four finding
5    that the job was performed at the level of substantial gainful activity.
6    Indeed, he made no effort to meet the Commissioner's burden of pointing
7    to substantial evidence that plaintiff engaged in substantial gainful
8    activity during the approximately six months period of her motel desk
9    clerk work.  The Commissioner's arguments about why the prior motel desk
10   clerk job was "substantial" and "gainful" activity are after-the-fact;
11   they  do not reflect any findings actually made by the ALJ, and they are
12   post hoc rationalizations which this Court may not entertain.  *See,*
13   *e.g.,* <u>Orn</u>, 495 F.3d at 630 ("We review only the reasons provided by the
14   ALJ in the disability determination and may not affirm on a ground upon
15   which he did not rely"); *see also* <u>Barbato v. Comm'r of Soc. Sec. Admin.</u>,
16   923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)(remand is not precluded
17   "even if [the Commissioner] can offer proper post hoc explanations" for
18   the ALJ's findings, because "the Commissioner's decision must stand or
19   fall with the reasons set forth in the ALJ's decision, as adopted by the
20   Appeals Council").

21

22   The ALJ's step four finding that plaintiff's motel desk clerk job
23   was past relevant work is not supported by substantial evidence, because
24   the ALJ failed to rebut the presumption that the work was not SGA due to
25   plaintiff's low earning levels.  Because the ALJ failed to set forth
26   adequate reasons to establish that plaintiff's work as a motel desk
27   clerk was SGA, then under the SSA's regulations, it could not constitute
28   "past relevant work."  *See* 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

15

The ALJ's step four finding is inconsistent with 20 C.F.R. §§ 404.1560(b)(1) and 416.960(b)(1), and he should have proceeded to step five. *See* Eksund v. Astrue, 343 Fed. Appx. 228, 229 (9th Cir. Aug. 19, 2009) (when the Commissioner found that the claimant "had 'not engaged in substantial gainful activity in the past'" and failed to point to substantial evidence that, despite her low earnings, the claimant had engaged in SGA, the ALJ's finding at step four that she was disabled was improper and a step five analysis was required).  Because the ALJ's step four finding is not supported by substantial evidence and is not free of legal error, reversal is required.[8]

## II.  **The ALJ Erred In Assessing Plaintiff's Credibility.**

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated).  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing

---

[8]  The ALJ's step four error cannot be considered harmless, because the record is devoid of evidence sufficient to afford a basis for resolving the step four issue.  For example, the ALJ failed to adduce evidence regarding how well plaintiff performed her motel desk clerk job, the conditions in which she performed it, etc..  The ALJ barely asked plaintiff about the job and the vocational expert's questions were brief and inadequate to provide the information needed to rebut the presumption triggered by plaintiff's low earnings.

reasons for each." Robbins, 466 F.3d at 883. The factors to consider in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 416.929(c).

Here, the ALJ found that, "[a]fter careful consideration of the evidence, . . . [plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 30.) Further, the ALJ cited no evidence of malingering by plaintiff. Nonetheless, the ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible" to the extent they varied from the ALJ's own RFC assessment. (Id.) Accordingly, the ALJ's reasons for finding that plaintiff was not credible with respect to her subjective symptom and pain testimony must be "clear and convincing."

Plaintiff testified that pain in her back and legs prevented her from working as of the hearing's date. (A.R. 42.) She indicated that she cannot stand and walk all day long, can only occasionally bend, stoop, or twist, does not walk up the stairs, and is careful when she walks because her knees buckle without warning, resulting in nine falls in the span of four months. (A.R. 43-44.) Plaintiff also testified that she wishes she was not in so much pain, because she loves to work.

1   (A.R. 45.)

2

3        On an exertion questionnaire dated July 7, 2009, plaintiff reported

4   that her back was in a lot of pain, rendering her unable to sit, stand,

5   or lie down for long periods of time.  (A.R. 152.)  She indicated that

6   her legs and arms are numb and that her knees give out.  (*Id.*)  She can

7   only walk about 100 feet before feeling pain in her back, and she

8   carries only small, light things.  (A.R. 152-53.)  She reported that she

9   does not do her own grocery shopping, does not clean her own area, does

10  not drive, and completes no yard work.  (A.R. 153.)  Later, on a

11  disability report dated October 30, 2009, plaintiff reported a worsening

12  of her condition since her last report in June 2009, which began in

13  August, including daily headaches, continued pain in the lower back,

14  right leg and right side.  (A.R. 172.)

15

16       The ALJ discounted plaintiff's testimony and credibility for the

17  following reasons:  (1)  inconsistencies exist between plaintiff's

18  reported daily activities and what she reported on her application for

19  SSI and an SSA employee's observations during plaintiff's initial

20  interview;  (2)  there is no objective medical evidence to support

21  plaintiff's allegations of high blood pressure, headaches, and shoulder

22  pain; and (3) the severity of plaintiff's symptoms/pain is not supported

23  by the medical evidence, which shows a normal range of motion for her

24  spine and knees, no neuropathy in her lower extremities, no muscle

25  spasms, and normal gait and balance.  (A.R. 30-31.)  For the following

26  reasons, the Court finds that the reasons the ALJ provided for

27  discounting plaintiff's symptom/pain testimony and credibility are not

28  clear and convincing.

18

To support his first reason for discounting plaintiff's credibility, the ALJ noted that plaintiff's SSI application indicated that she does not "need help in personal care, hygiene or upkeep of a home" (A.R. 115), and further, in June 25, 2009, an SSA field representative observed that plaintiff appears "to be perfectly normal," because the employee did not observe plaintiff to have difficulty walking, standing, sitting, etc. (A.R. 143-44). (A.R. 30.) Although there is a facial inconsistency between this evidence and plaintiff's reports that she needs help taking care of herself (A.R. 174, 183), this discrepancy is explained by the fact that, about a month after plaintiff indicated she needed no help in June 2009, and appeared "perfectly normal" she reported a worsening of her condition. (A.R. 172.) Her later reports -- in October 2009, and April 2010 -- of needing assistance doing daily activities, like showering and household chores (A.R. 174, 183), thus, have an explanation in the record.[9] The ALJ, however, ignored this evidence of record -- that undermined his finding -- which was improper. An ALJ may not, as he did here, reach a conclusion and then justify it by ignoring competent evidence in the record that would suggest an opposite result. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); see also Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (ALJ must consider "all factors" that might have a significant impact on claimant's ability to work);  Therefore, the ALJ's finding that plaintiff is not credible due to purported inconsistencies related to her daily activities is not convincing.

---

[9]    Furthermore, the Court notes that besides the timing of the SSA field representative's observation, it is also not persuasive evidence that plaintiff is lying, because there is no evidence of how long the representative observed plaintiff and under what conditions, and in any event, there is no indication this SSA employee has the appropriate knowledge and training to assess plaintiff's alleged disabilities.

The ALJ next discounted plaintiff's credibility on the ground that, although she alleged having high blood pressure and headaches, there was no objective evidence to support these allegations. (A.R. 30.) The ALJ stated that the "only blood pressure reading" in the record was 100/70, within the normal range. (*Id.*) This blood pressure reading, however, in only one piece of the evidence. Not only does the record show that plaintiff comes from a family with a history of high blood pressure (A.R. 200), but it also contains evidence that on at least one office visit in March 2010, plaintiff's blood pressure reading was 150/100, well above the normal range (A.R. 221), on another in April 2008, it was 133/80, slightly above the normal range (A.R. 227), and in March 2008, her blood pressure reading was 132/80, again slightly above the normal range (A.R. 230). The record, thus, does not support the ALJ's characterization that plaintiff had normal blood pressure during the entire period in question, and his second reason also is not convincing.[10]

The ALJ also found that plaintiff was not credible, because although she reported shoulder pain in October 2009 (A.R. 172), three months earlier (in July 2009), a consultative examiner found that plaintiff had a normal range of motion in her shoulders (A.R. 202). (A.R. 30.) This reason is not convincing, because again, the ALJ

---

[10]   The medical evidence shows that additional, higher blood pressure readings occurred before the ALJ rendered his decision. This evidence was submitted to the Appeals Council after the ALJ issued his decision (A.R. 215) and was relevant to the Appeals Council's review. 20 C.F.R. § 404.976(b), 416.1476(b). This Court must consider both the ALJ's decision and this additional evidence submitted to the Appeals Council to determine whether the Commissioner's "final decision" is supported by substantial evidence and free of legal error. Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

ignored that plaintiff reported a worsening of her condition beginning in August 2009.   There is no evidence of record demonstrating that plaintiff exhibited a normal range of motion in her shoulders after her condition allegedly worsened in August 2009.   Perhaps more importantly, the crux of plaintiff's condition that prevents her from working, as the ALJ found, is degenerative disc disease of the spine and degenerative joint disease of the knees.   (A.R. 28.)   Plaintiff's disability report from July 7, 2009, only 12 days after she filed for benefits, states that she cannot sit, stand or walk too long and that she has a lower back injury.   (A.R. 146.)   Plaintiff's exertion questionnaire dated July 7, 2009, confirms that plaintiff's claim of disability is based on her back and knee problems, not on any claim of disabling shoulder pain. (A.R. 152-54.)   The ALJ's discounting of plaintiff's credibility based on her shoulder complaints, therefore, is not convincing.[11]

Finally, the ALJ discounted plaintiff's testimony about her symptoms and pain on the ground that the medical evidence showed a normal range of motion for her spine and knees, no neuropathy in her lower extremities, no muscle spasms, and normal gait and balance.[12]

_____

[11]   For the same reasons, the ALJ's finding that plaintiff is not credible, because there was no objective medical evidence supporting plaintiff's complaints of headaches (A.R. 30), fails.   Plaintiff first started complaining about headaches in October 2009 (A.R. 167, 172), *after* all the medical examinations on which the ALJ relies occurred.   In any event, the crux of plaintiff's condition is her knee and back pain, and not, at least at the time of her application, debilitating headaches.

[12]   The ALJ also remarked that plaintiff "reported that she falls and uses a cane, but there is no objective evidence the cane was medically prescribed" (A.R. 31), and apparently considered this a basis to find her not credible.   However, plaintiff never indicated that the cane was prescribed by a doctor, only that she was walking with one after falling.   (A.R. 181.)   Simply because a cane was not prescribed does not mean that plaintiff did not fall, as she stated, and/or that she did not

(A.R. 31.)   Significantly, there was medical evidence supportive of plaintiff's subjective symptom testimony, some of which the ALJ acknowledged in connection with his adverse credibility finding, including:   tenderness in the spine with decreased range of motion; multiple MRI examinations showing a range of degenerative changes, including disc space narrowing at L5-S1 and osteophytosis in the spine and joint space narrowing; indications of radiculopathy; and a positive straight leg raising test.   (*Id.*)   The ALJ failed to explain why this evidence supporting plaintiff's pain allegations was not probative and/or was not given more weight.   *See* <u>Reddick v. Chater</u>, 157 F.3d 715, 722-23 (9th Cir. 1998) (it is impermissible for an ALJ to develop evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports").   Even assuming this evidence did not confirm the existence of plaintiff's pain, it is well established that an ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence. <u>Bunnell</u>, 947 F.2d at 346-47.   Thus, the ALJ's final reason for discrediting plaintiff's symptom/pain testimony and her credibility because of a lack of objective medical evidence is not convincing.

None of the reasons cited by the ALJ for finding plaintiff to lack credibility with respect to her claimed symptoms and pain is legally adequate.   Accordingly, the ALJ's adverse credibility finding is not supported by substantial evidence and is reversible error.

---

use a cane.   Devaluing plaintiff's credibility on this basis is unconvincing and erroneous.

1        III.   <u>Remand Is Required</u>.

2

3        The decision whether to remand for further proceedings or order an

4   immediate award of benefits is within the district court's discretion.

5   <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175–78 (9th Cir.2000).  Where no useful

6   purpose would be served by further administrative proceedings, or where

7   the record has been fully developed, it is appropriate to exercise this

8   discretion to direct an immediate award of benefits.  *Id.* at 1179

9   ("[T]he decision of whether to remand for further proceedings turns upon

10  the likely utility of such proceedings.").  However, where there are

11  outstanding issues that must be resolved before a determination of

12  disability can be made, and it is not clear from the record that the ALJ

13  would be required to find the claimant disabled if all the evidence were

14  properly evaluated, remand is appropriate.  *Id.* at 1179–81.

15

16       As noted earlier, the ALJ stopped the sequential evaluation process

17  at step four, at which he failed to make adequate findings regarding

18  whether plaintiff's motel desk clerk job constituted SGA and past

19  relevant work.  The ALJ did not adduce any evidence about, much less

20  make any findings regarding, what skills plaintiff acquired in her prior

21  jobs and whether any such skills are transferrable to any other jobs

22  existing in significant numbers in the national economy that plaintiff

23  could do given her RFC, age, education, and work experience.  Additional

24  evidence, including from a medical expert and/or a vocational expert,

25  likely will be needed to resolve these issues.  The Court concludes that

26  there are outstanding issues that must be resolved before a

27  determination of disability can be made, including with respect to the

28

1  applicability (or not) of the Grids.[13]

2

3      Remand is the appropriate remedy so that the above-mentioned errors

4  may be rectified.  *See, e.g.*, <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115-

5  16 (9th Cir. 2003) (finding that it was appropriate to decline to credit

6  the plaintiff's subjective symptom testimony as true, despite the ALJ's

7  failure to provide adequate reasons for discrediting it, when several

8  outstanding issue remained unresolved); <u>Harman</u>, 211 F.3d at 1180

9  (finding that remand, rather than an award of benefits, was warranted

10  despite the ALJ's improper treatment of a treating physician's opinion,

11  because, *inter alia*, the ALJ had not had the opportunity to consider

12  evidence that was submitted to the Appeals Council); <u>Dodrill v. Shalala</u>,

13  12 F.3d 915, 918 (9th Cir. 1993) (ordering remand so that the ALJ could

14  articulate specific and appropriate findings, if any existed, for

15  rejecting the claimant's subjective pain testimony).  On remand, the ALJ

16  must revisit his step four finding.  If, after making appropriate

17  findings consistent with the Commissioner's burden (*i.e.,* resulting from

18  the presumption that arose due to plaintiff's low earnings), the ALJ

19  concludes that plaintiff's motel desk clerk job is not past relevant

20  work, the ALJ must proceed to step five.  In addition, the ALJ must

21  revisit plaintiff's symptom/pain testimony and either credit plaintiff's

22  testimony or give clear and convincing reasons why plaintiff's testimony

23

24  [13]   Plaintiff argues that Table No. 2 of the Grids -- specifically, 20
25  C.F.R., Part 404, Subpart P, Appendix 2, medical-Vocational Guidelines
   §§ 202.04 and/or 202.06 -- applies to her and mandates a finding of
26  disability.   However, the rules she cites apply only if there is a
   finding that skills obtained from prior work experience are not
27  transferrable, and no such evidence has been adduced or finding made on
   this issue.  Moreover, plaintiff's inability to identify which of these
28  two rules would apply to her only underscores the fact that outstanding
   issues remain.

is not credible.    After so doing, the ALJ may need to reassess plaintiff's RFC, in which case additional testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 3, 2013

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

25